## REDDIN ANDREWS v. N. SMITHWICK.

1. The rulings in the case of Hudson v. Wheeler, *ante* 356, on the subject of fraud in connection with the defense of limitation, referred to and approved in this case.

2. Defendant being entitled to a land certificate assigned it to the plaintiff, but afterwards fraudulently obtained possession of it and converted it to his own use, and being sued for it or its value pleaded the limitation of two years. *Held*, that defendant on obtaining possession of the certificate held it as trustee for the plaintiff, and will be presumed to have continued to hold it in that character, regardless of his claim of ownership, until the plaintiff either had actual notice of the fraud and adverse claim, or until, by the use of ordinary diligence, he might have discovered them ; and the plaintiff's action would not be barred until two years thereafter.

3. What lapse of time was a reasonable period for the owner to have discovered the fraud was a question for the jury, to be determined by them on all the circumstances proved and under proper instructions ; but neither the records of the Adjutant General's office, nor the registration in the county clerk's office of a deed of the defendant, could operate as constructive notice to the owner, of the fraudulent claim adverse to him.

4. The registration of a deed in the proper office is made by law constructive notice of *bona fide* conveyances, but no such effect is attached by law to the registration of frauds, so as enable the fraudulent party to effectuate his fraud.

5. Registration of a deed is an act of notoriety, which might in the course of time create a presumption of notice of an adverse fraudulent claim ; but whether such presumption would arise within one or ten years after the registration, it would be for the jury to decide in view of all the facts in evidence.

ERROR from Burnet. Tried below before the Hon. E. H. Vontress.

The trial below was had at the October term, 1860. Nearly all of the material facts of this veteran case will be found in the two former reports of it, in 20 Texas, 111, and 24 Texas, 488.

On the last trial, however, some additional evidence was intro-

duced by the defendant, and as it is clearly collated in the arguments made in this court, a reference for it to them will suffice here.

*J. H. Burts,* and *Chandler & Carleton,* for the plaintiff in error.—There are no additional material facts that we have been able to discover which can, by any reasonable construction, change or affect the plaintiff's equitable title to the certificate, which is the foundation of this suit, adduced on the last trial, which were not before the court on the first trial; and in view of which this court prescribed the rule in clear, forcible, and it would seem unmistakable terms, by which the court below was directed to be governed in the further proceedings in the cause.

The conveyance to Freeman may have been sufficient to mislead, but could not justify the jury in disregarding the rule enunciated and declared by this court for their government and direction in arriving at a correct verdict. If the making of that conveyance was any evidence of the assertion of a claim or title to the said certificate, adverse to the right of plaintiff, then we submit that such conveyance could not affect in any way that right until he had notice, and that of such notice there is no evidence prior to the recording of the conveyance in Williamson county. And, as it now appears, it but strengthens the evidence of covin, deceit and fraud on the part of the defendant, from the beginning of his transactions with plaintiff in regard to said certificate. There is no evidence of his making to said certificate any claim adverse to the rights of plaintiff, within a time previously to the commencement of this suit, that would give him the benefit of the statute of limitations, even if his acts were not surrounded by, and tainted with, fraud, actual or legal, or both combined.

In the opinion of this court, delivered by Justice Bell, in this cause, as reported in 24 Texas, 495, this court said: "The statute of limitations was pleaded, and a portion of the plaintiff's

petition was offered in evidence, in support of the plea; and it was for the jury to say whether or not the admissions or allegations of that portion of the petition which was offered in evidence by the defendant were full enough to sustain the plea of the statute."

The portions of the plaintiff's petition referred to in the above paragraph as having been offered as evidence on the trial of the cause, which resulted in the opinion from which said extract is copied, were given in evidence on the last trial of this cause in the court below. But we ask the attention of the court to the fact that any and all admissions or allegations contained in those portions of plaintiff's petition, which could, by any kind of construction that might be placed upon them by the jury, be tortured into an admission of want or even weakness of title in the plaintiff, were cured by amendment under the direction and by leave of court, on the second day of October, 1860, long after that opinion was delivered; and the allegations contained in that amendment tending to explain and show wherein the defendant held said certificate in trust, for plaintiff, were fully sustained by the proof.

Whatever may have been the prevailing and common opinion as to the capacity, under the law, by which a party holds an instrument of the nature of the certificate in controversy in this suit, when issued to him in his own name, after he has parted with the right to the property therein by transfer to another, we apprehend that the question is now placed beyond cavil or doubt, and the law on that point settled, in the able opinion of this court delivered by Mr. Justice Lindsay in the case of Gould and Wife v. C. S. West, Executor of Townes. (32 Texas, 338.)

*Hancock & West*, for the defendant in error.—All the facts that were in evidence on the final trial, now under review, will be found in 20 Texas and 24 Texas, at the pages indicated, and also the following additional facts, that were never before presented to the jury, and, no doubt, had their due weight in determining the final result:

In addition to a printed extract from plaintiff's original petition, announcing the hostile attitude assumed and occupied by the defendant towards him, the following significant extract from his pleadings was also read to the jury in this last trial, from the amended petition of October 22, 1855, as follows:

"That subsequent to the date of said transfer, the defendant, Smithwick, not regarding his said contract, or petitioner's rights in the premises, and for the purpose of cheating and defrauding petitioner, caused said certificate to issue from the Adjutant General's office to him, the said Smithwick; and has since refused, and still refuses, to assign or transfer the same to your petitioner."

The defendant also read in evidence, for the first time on this trial, as new and additional evidence in support of the plea of limitation, a transfer of the certificate in question, made by the defendant, Smithwick, to D. C. Freeman, Jr., on the eleventh of June, 1852—more than two years before the filing of this suit.

Also was introduced in evidence on this trial, for the first time, the public notarial acknowledgment, made by defendant before a notary public in the city of Austin, Texas, of his having executed said transfer.

All these additional facts, which had never been before the jury, being before them this time, together with all the evidence that was used on the former trials, aided and assisted, as all the parties were, by the two decisions of the Supreme Court in the same case, laying down the rights and defenses of each party, gives to the last trial a solemnity and importance that did not, perhaps, attach to the others.

We have here on this trial all the evidence that can be gathered together; we have the issues submitted by the judge, evidently with the two decisions of the Supreme Court before him; and we submit that an examination of his charge will show that they were fairly submitted; and we have, as the result of this thorough and patient investigation, the verdict of the jury.

Seldom has it been the fortune of litigants to have such thorough investigation into their rights, or so many opportunities to develop fully all their causes of action and defense, as has been accorded in this case, where the amount in controversy does not amount to a thousand dollars.

After all this labor and toil, the case is here again for investigation, and the only question before the court is, will the court again disturb the verdict?

There are no demurrers, no special exceptions to the pleadings, no bill of exception. Every charge the plaintiff asked was given in his own words. The main charge is full and unobjectionable; and when we remember how many times this case has been tried, we may safely say that the court ought not to set aside this verdict, unless there is some very grave error lurking somewhere in the proceedings.

OGDEN, J.—This suit was originally brought in the district court in 1855, to recover a bounty land certificate, or its value, which was proven to have been sold at one time for about twenty-five dollars. There appears to have been five different trials in the cause in the district court, and it is now in this court for the third time; and we would therefore be inclined to finally settle the whole matter, and stop further litigation, but for the manifest error and wrong in the judgment of the lower court as rendered on the last trial. The two former opinions delivered in this cause seem to have settled nearly, if not quite all the questions raised, excepting the question of limitation, and both of these opinions decided that question upon the facts then appearing in the record. Justice Wheeler, in the first opinion (20 Texas, 111), declared that from the facts then before the court, the statute of limitation could not avail the defendant; and in the second opinion of this court, delivered by Justice Bell (24 Texas, 494), it was decided that the court below erred in refusing to present the question of limitation

to the jury. We consider the facts establishing the bar by limitation have been but little changed since the cause was first brought to this court, and establish beyond controversy that the defendant committed a great fraud against the plaintiff in error, in getting possession of the certificate, and converting it to his own use, after his solemn promise, upon his honor, to the contrary, and after his written order to the Adjutant General in favor of the plaintiff in error, for the certificate. The whole proof clearly establishes the fact that he had sold the certificate, and that it belonged to the plaintiff in error, and in fraudulently getting possession of the certificate he could not change the ownership ; and therefore he held it as trustee for the plaintiff, and the law will presume that he continued to hold it as trustee, regardless of his adverse claim, until the plaintiff in error had actual notice of the fraudulent possession and adverse claim, or until such time as the owner, by the use of ordinary care and prudence, might have discovered the fraud and adverse claim, and for two years thereafter. See the case of Hudson v. Wheeler, decided at this term of the court. (*Ante*, 356.) What would have been a reasonable time for the owner of the certificate to have discovered the fraud, was a question which, with all the circumstances proven, should have been submitted to the jury, under proper instructions ; but most certainly neither a registration of a deed in the county clerk's office, nor the records in the Adjutant General's office, could operate as constructive notice of the fraudulent claim from the date of registration or other record. The registration in the county clerk's office of a deed is, by law, constructive notice of a *bona fide* transfer or ownership, from the date of registration ; for the law has designated that office as the proper place for the registration of such transactions ; but the law has made no such provision for the registration of frauds. It is true that registration is a notorious act, which in time would create a presumption of notice of a fraud, but whether such notice would be presumed in one or ten years is a question of fact to be decided by a jury.

In the case at bar there is no proof of notice until about the institution of this suit, and therefore the second charge of the court was essentially erroneous, as it instructed the jury that two years adverse possession of the certificate would bar the right of plaintiff to recover. This charge wholly ignored the question of fraud and trust, and the notice of the fraud. The third charge might have cured that error but for the first charge, given at the request of the defendant, which instructed the jury that adverse possession for two years would bar the right to recover. That charge was not the law as applicable to the facts proven. The third charge asked by the defendant, and given by the court, is also erroneous for the reasons given. The records of public offices are not constructive notice in favor of a fraudulent trustee and against his *cestui que trust*, to protect the fraudulent application of trust property, until such time as the law would presume, from the notorious act, the *cestui que trust* had received actual notice. These errors in the charge of the court, and the consequent error in the verdict of the jury, require that the judgment be reversed and the cause remanded.

Reversed and remanded.