ALITIA BARKER ET AL. v. SWANTE J. SWENSON ET AL.

(Case No. 5445.)

1. LAND CERTIFICATES—ADVERSE POSSESSION—LIMITATION—Plaintiffs claimed the land in controversy as the heirs of the party to whom the certificate, under which the land was located, issued. Defendants claimed title by virtue of an adverse possession of the certificate for two years before it was located. *Held:*

(1) A land certificate is personal property, as is a promissory note or other evidence of indebtedness, and while not technically a chose in action, it has many of the characteristics of such property.

(2) If the true owner of a certificate elect to treat its adverse possession as a conversion, and seek to recover its value, he must bring his action within two years from the accrual of his cause of action. (Andrews *v.* Smithwick, 20 Tex., 111; 24 Tex., 494, and 34 Tex., 544.)

(3) His failure to do so does not annul his right to recover that to which the paper evidenced his title, nor can it confer such right upon another. Title to property corporeal or incorporeal, cannot be acquired by adverse possession of the mere evidence of the right of the true owner.

(4) The right which one has through an unlocated land certificate is an intangible thing, which rests in the true owner, and cannot be adversely possessed by another.

(5) When a land certificate is sold under execution or in course of an administration, the right to acquire land under it passes to the purchaser on the theory that the certificate symbolizes the right which is the thing sold in such cases, as it is when the owner of such a certificate makes a voluntary sale.

(6) Cases reviewed.

APPEAL from Travis.    Tried below before the Hon. D. W. Doom, Special Judge.

The opinion states the facts.

*Carleton & Morris*, for appellants, cited :  R. S. Ch. 1, title 62; Johnson v. Newman, 43 Tex., 639, 640; Shepard v. Cummings, 44 Tex., 502; Ross v. Early, 39 Tex., 392; Hines v. Thorn, 57 Tex., 102; Gardiner v. Miller, 47 Cal., 570.

*A. J. Peeler, Hancock & Shelly* and *Maxey & Fisher*, for appellees, cited :  R. S., art. 3203, clause 2; Simpson v. Chapman, 45 Tex., 566; 43 Tex., 640; 55 Tex., 590, 591; Trewitt v. Blundell, 59 Tex., 253; Thomas v. Brooks, 6 Tex., 371.

STAYTON, ASSOCIATE JUSTICE.—The land in controversy was located on May 14, 1867, by virtue of a donation warrant issued to Wm. Barker, April 20, 1855, and the appellants claim it as heirs of Barker. The court found that they were the heirs of Wm. Barker.

The appellees do not deraign title to the certificate from Wm. Barker, nor from his heirs through the several conveyances under which they claim.    They, however, asserted title to the land certificate by reason of an adverse possession of it for the period of two years before it was located, and therefore claim that they have title to the land located by virtue of it.

The court below found that the adverse possession of the certificate continued for more than two years before it was located, that this gave title, and that the title to the land followed the title to the certificate, and upon this ground solely rendered a judgment in favor of the defendants.    It is unnecessary to consider whether, prior to February 26, 1863, the land certificate, while unlocated was in the adverse possession of the person through whom the defendants claim for a period as long as two years, unless it be the law that the adverse possession of the evidence of a right to property will bar the right to the property itself.    We know of no case in this state or elsewhere, which has so held.    The cases of Smithwick v. Andrews, 20 Tex., 111; same case, 24 Tex., 494, and Andrews v. Smithwick, 34 Tex., 544, all related to the same matter, and involved no such question.  The facts of that case were these:  Smithwick was entitled to a bounty warrant for twelve hundred and eighty acres of land, and as the evidence of it held his discharge, which showed twelve months military service.    Smithwick sold his discharge to Young, and assigned to him all rights resulting to him for services, and the right which Young thus attained was levied upon under an execution against him, and sold by the sheriff to Jesse Billingsley,

who conveyed the same to Andrews.    There was some defect in the authentication of the discharge given to Smithwick, and the adjutant-general refused to issue the bounty warrant, whereupon it became necessary to have a special act of the legislature directing the warrant to be issued.    The sheriff's deed to Billingsley was also lost, and it was arranged that the certificate should issue to Smithwick, who promised to convey it to Andrews as soon as it should issue.    After the passage of the special act Smithwick, by writing, directed the adjutant-general to issue the certificate to Andrews as his assignee, but subsequently he obtained from that officer the certificate in his own name, and sold it to another person.

The action was brought to recover the bounty warrant or its value, and what is said in the opinion given in the case must be considered in the light of the fact that the question was whether Andrews was entitled to recover the paper which evidenced his right to acquire land, or to recover its value.

A land certificate is personal property, as is a promissory note or other evidence of indebtedness, personal property ; and while the former is not technically a chose in action, it has many of the characteristics of such property.    It is property only as every other muniment of right is property, and it may be true that adverse possession of such a paper, for the time requisite to bar an action for personal property, would bar the right of the true owner to recover the specific thing.

The question in this case is not whether the appellants are entitled to recover the land certificate, or its value, but whether they are now entitled to recover that which the certificate but evidenced the right of their ancestor and his heirs to acquire; a right which would continue to exist, though the paper given to evidence it might be destroyed.

Limitation can never run against the right of the true owner unless the thing to be affected by its operation be adversely possessed ; hence the thing sought to be affected by limitation must be of such nature that it may be adversely possessed.

The naked *right* to acquire land from the state may be acquired by contract, but as it is not a thing which may be adversely possessed, it cannot be acquired by limitation, either as against the state or any person on whom the state has conferred such right.  The state, through its legislation, has long recognized the fact that rights evidenced by land certificates may be transferred by those to whom granted, by the transfer of such certificates; hence, one who has purchased a land certificate from its true owner becomes entitled to acquire land under it, because the transfer of the certificate is held to evidence the consent

of the person to whom the state issued it that his vendee shall have all the rights under it which were given to himself.

If one be in the adverse possession of a land certificate of which he is not the true owner, then the prosecution of an action against him by the true owner extended to judgment and satisfaction, would doubtless operate to confer on such adverse possessor all the *right* which the true owner could himself assert under the certificate. Such is the legal effect of a satisfied judgment obtained in an action of *trover*.

Whether the owner will treat an adverse assertion of right to, or possession of, personal property as a conversion, rests with himself to determine. If he elects to so treat it, and seeks to recover its value, then he must bring his action within two years after the cause of action which he asserts arose, or he may be defeated by limitation. There is nothing in the opinions in the case to which we have referred, which sustains the rule under which this case was disposed of. The opinions simply held that an action to recover the certificate itself, or its value, must be brought within two years after the cause of action arose.

A land certificate or other evidence of right may be lost or destroyed, or held so long by another, without right, that it cannot be recovered in an action at law or a suit in equity, but this does not annul the right of the true owner to have that to which the paper evidenced his right, nor can such facts confer such right upon another. If A should obtain possession of a bond, under claim of right, and hold it for the period of time necessary to bar the recovery of personal property which had been executed by B conditioned to make title to C for a given number of acres of land out of a larger tract, when C should select it, have it surveyed, and return the field notes, accompanied with the title bond, to B, with sufficient money to pay for preparing the title, would any person suppose that A, by his adverse claim and possession of the bond, could acquire the right to have the land conveyed to himself, even upon performance by him of all the acts which the bond required C to perform before he would be entitled to a deed, or have the superior right to the land?

If A should obtain possession without right of a promissory note executed by B to C, and hold the same adversely to C for the period of two or more years, would any person contend that this possession, however adverse, would defeat the right of C to recover from B the sum due on the note, or that such adverse possession by A would confer upon him the right to recover from B the sum due? Certainly not, any more than would an adverse possession for two years by D

of a patent issued to E, defeat the right of the latter to the land embraced in the patent, or vest title thereto in D.

The principle is, that title to property corporeal or incorporeal cannot be acquired by adverse possession of the mere evidence of the right of the true owner to the property. The right which one has through an unlocated land certificate is an intangible thing, which vests in the true owner and cannot be adversely possessed by another. It is said that a land certificate may be sold under execution, or in course of an administration, and that the *right* to acquire land under it will pass to the purchaser, and this is true, but it is upon the theory that the certificate symbolizes the *right* which is the *thing sold* in such cases, as is it when the owner of such a certificate makes a voluntary sale.

The case of Ross *v.* Early, (39 Tex., 392,) has no application to the facts of this case, but in that case a doubt was expressed of the existence of such a rule as that contended for in this case, when the subject of litigation is land, even when prior to its location the land certificate had been adversely held. Wimberly *v.* Pabst (55 Tex., 587,) has no application.

In Trewitt *v.* Blundell, (59 Tex., 254,) while it does not so appear in the report of the case, an inspection of the record shows that a charge was given which embodied the principle upon which this case was disposed of. There was, however, no assignment of error calling in question the correctness of the charge. In fact, the appellant was insisting on the correctness of such a charge, and only objecting to a charge which qualified it. There were other defenses in the case than limitation, and no statement of facts. Under this state of facts it will be seen that the question involved in this case was not then before the court, nor considered, though there is a single expression in the opinion which would indicate that the general charge, which embraced other issues, was thought to be correct.

It may be true that, in view of the holding of the court below upon the point which was made decisive of the case, other questions may not have received that consideration which they otherwise would; and while the judgment will have to be reversed, we think it proper to remand the cause that it may be considered again, and that the rights of some of the defendants against the others may be adjusted in this case. It is therefore ordered that the judgment of the court below be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered June 11, 1886.]