### SECURITY NAT. BANK OF INDEPENDENCE, KAN., v. CRABB et al.
### No. 3256.

Court of Civil Appeals of Texas. El Paso.
Feb. 20, 1936.

Rehearing Denied March 12, 1936.

Julius F. Franki and Hill & Greer, all of Mission, for appellant.

Strickland, Ewers & Wilkins, of Mission, and S. N. McWhorter, of Weslaco, for appellees.

HIGGINS, Justice.

The Security National Bank of Independence, Kan., brought this suit against T. A. Crabb and wife, Reba Prescott and husband, and others not necessary to mention.

The suit was upon two vendor's lien notes executed by Crabb and wife to the order of J. V. and G. E. Boulanger. By indorsement of the payees the notes were transferred to Frances Bunn, whose indorsement in blank also appears upon the notes. It was alleged the defendants, other than Crabb and wife, were asserting some claim the exact nature of which plaintiffs could not say. Judgment upon the notes was sought with foreclosure of the vendor's lien.

Mrs. Prescott and husband answered and set up a cross-action against the plaintiffs and their codefendants. In such cross-action the Prescotts asserted they were the owners of the notes sued upon. Judgment so decreeing was sought against the plaintiff and judgment upon the notes with foreclosure of the vendor's lien was also sought against the Crabbs and other defendants.

In bar of the cross-action, the bank pleaded the two years' statute of limitations.

By dismissals all issues were eliminated except the controversy between the bank and the Prescotts over the ownership of the notes.

The case was tried without a jury and judgment rendered in favor of the Prescotts.

In effect, the judgment of the court was that the Prescotts were the owners of the right of action evidenced by the notes and entitled to sue thereon.

The evidence shows Frances Bunn sold the notes to Mrs. Prescott, who deposited the same with the Commercial National Bank of Independence, Kan., as collateral

to secure certain indebtedness to said bank. Said bank became insolvent and a receiver was appointed. All of its assets were later sold by the receiver to the plaintiff. Among the assets delivered by the receiver to the plaintiff were the notes in question. The evidence is sufficient to show the debts for which the notes were pledged as collateral had been paid and Mrs. Prescott entitled to the surrender of the notes. The evidence also shows the plaintiff has been holding and claiming the notes in question adverse to the Prescotts for more than two years before the Prescotts filed their cross-action herein.

## Opinion.

Appellant's sole contention upon this appeal is that it has become the owner of the notes under the two years' statute of limitations. Article 5526, R.S.

A promissory note is personal property and it may be true that adverse possession of such a paper for the statutory period would bar the right of the true owner to recover that specific thing. But the note itself is but the evidence of the maker's indebtedness. The right to recover such indebtedness is an intangible thing vested in the true owner of the note. In the nature of things, such right is incapable of adverse possession, and since it cannot be adversely possessed limitation cannot operate against the rightful owner of the same. Barker v. Swenson, 66 Tex. 407, 1 S.W. 117, 119.

In the case cited, adverse possession of a land certificate was held for more than two years. Based upon such possession, the holders asserted title to the land upon which the certificate was subsequently located. It was held that the right which an unlocated land certificate evidences, is an intangible thing which could not be adversely possessed and such right could not be acquired by adverse possession of the mere evidence of the true owner's right. In the course of the opinion, Judge Stayton remarked: "If A. should obtain possession, without right, of a promissory note executed by B. to C., and held the same adversely to C. for the period of two or more years, would any person contend that this possession, however adverse, would defeat the right of C. to recover from B. the sum due on the note, or that such adverse possession by A. would confer upon him the right to recover from B. the sum due? Certainly not; any more than would an adverse possession for two years by D. of a patent issued to E., defeat

the right of the latter to the land embraced in the patent, or vest title thereto in D."

That case is decisive in support of the judgment in favor of the Prescotts in this case.

Affirmed.