MUTUAL LIFE INSURANCE COMPANY OF NEW YORK V.
A. D. GARLAND ET AL.

Decided April 9, 1900.

**Limitations—Action for Conversion of Note.**

Defendant gave his note to agents of an insurance company for the first premium on a life policy, with an agreement that the note was to be returned to him if he failed to pass the medical examination. He did so fail, but the agents wrongfully sold the note to a bank which brought suit thereon, and in which suit defendant's answer, impleading the insurance company and asking for a judgment over against it, was not filed until more than three years after the conversion of the note. Held, that the defendant's cause of action as against the insurance company was barred by limitations. Rev. Stats., art. 3354.

APPEAL fom Henderson. Tried below before Hon. A. B. LIPSCOMB.

*Maurice E. Locke,* for appellant.

*Richardson, Watkins & Miller,* for appellees.

HAMBLEN, SPECIAL CHIEF JUSTICE.—On December 21, 1897, the First National Bank of Athens filed suit against A. B. Garland on a note purporting to have been made by Garland November 14, 1895, payable to J. N. Gilmore and L. L. Thomas thirty days after date, and by them indorsed and transferred to the bank a few days after its date, and before maturity. Garland answered on August 1, 1898, impleading the Mutual Life Insurance Company of New York, alleging that Gilmore and Thomas were agents of said company, and that he had executed and delivered the note to them under the agreement that he was to be examined by the company's physician, and if found a suitable risk for life insurance, would make application for a policy of insurance, which application, with the certificate of the physician, was to be transmitted by Gilmore and Thomas, and if a policy of life insurance was issued by said company to him, that the note so executed should be applied to the first payment due as a premium on said insurance; that said note should be held by Gilmore and Thomas for a few days until said application could be heard from, and if the company failed or refused to issue a policy of insurance the note was to be returned to the maker; that no policy ever issued, and the consideration of said note failed; that Thomas and Gilmore, as agents of said insurance company, had conspired with said company and had wrongfully converted said note by selling it to the bank, and praying, that if judgment should be rendered against him in favor of the bank, that he should have judgment over against the insurance company.

Garland thereafter filed a plea of non est factum in which he duly set forth under oath that the note sued upon was not executed by him, nor by any one authorized to do so, and was not his act and deed.

The insurance company, in its answer, raised the following issues:

1. That the cause of action, if any, Garland had against the company was barred by the statute of limitation of two years. 2. That Gilmore and Thomas were not its agents and never had been, and had no authority from said company either to receive said note in payment of premiums, or to transfer the same so as to bind the company. 3. That the note sued on was not executed by Garland, and that Garland was not liable thereon, but had entered into an agreement with the bank that judgment might be rendered against him in the bank's favor, but he was not to be liable thereon, and that the bank was to take such judgment as should be rendered in Garland's favor over against the insurance company in full satisfaction of the judgment rendered against Garland in the bank's favor.

Upon the trial of the cause this agreement was established by the evidence, and was not denied either by the bank or Garland. Garland testified on the trial that he did not make the note sued on; that the note he made corresponded with the note sued on with the exception that it contained a provision that the note should be returned to him unless the policy of insurance should be issued by said company in favor of Garland. Thomas, one of the payees in said note who had wrongfully sold and converted the same, testified that it was the note executed by Garland. The cashier of the bank testified, as an expert in handwriting, that the acceptance of service, which it was admitted was signed by Garland, was in the same handwriting as the signature to the note; the witness, however, when shown the signature to the plea of non est factum, together with a copy of said plea made by an attorney, was unable to say which of the two was Garland's genuine signature. We might add that the attorney who made the copy, when called upon, was unable to identify the copy made by him.

Edward Chamberlain & Co., of San Antonio, were the general agents in Texas of the insurance company; they contracted with Gilmore to solicit insurance for them; the insurance company did not know Gilmore and had no contract or other transaction with him; he acted under Chamberlain & Co. as their agent, and procured several applications of insurance which he reported to Chamberlain & Co., and they in turn referred the same to appellant, who issued policies of insurance on them; Gilmore received his commissions from Chamberlain & Co., and was authorized to accept notes under certain circumstances to cover first payment, which notes were to be sent to Chamberlain & Co. with the application for insurance and the certificate of appellant's physician as to the physical condition of the applicant; Chamberlain & Co. would submit the application and certificate of the physician to appellant, and if the same was acceptable to appellant, a policy of insurance would issue, when Chamberlain & Co. would either retain the note and remit Gilmore his commission, or return the note to Gilmore to be by him sold, he retaining out of the proceeds his part of the commissions and returning the balance to Chamberlain & Co., but he was positively forbidden to sell any note until so returned to him for that purpose by

Chamberlain & Co.; if the company declined to issue the policy the note was to be returned to the maker; Thomas was merely assisting Gilmore, and, it is admitted, had no authority in the matter.

About November 14, 1895, Gilmore and Thomas induced Garland to apply for insurance, who made his note payable to them, due thirty days after date, under the agreement that if the policy issued, the note was to cover the first payment, but if the policy of insurance was not issued, the note should be returned to him. He was partially examined by the appellant's physician, who informed him that he would not be able to give a certificate that would be acceptable to appellant, and Garland made no application for the insurance. Gilmore and Thomas had in the meantime sold the note to the bank.

*Opinion.*—Appellants' first assignment of error questions the correctness of the court's ruling on its plea of limitation.

Gilmore and Thomas wrongfully sold the note to the bank a few days after its date, say November 16, 1895. Garland's right of action accrued when they made the sale, and he then could have sued for the conversion of the note. Thomas v. Morse, 80 Texas, 289.

The general rule applicable to the statute of limitation is, that it begins to run from the time the right of action accrues. Where the cause of action was for the conversion of personal property, the rule has in some instances been modified, and it has been held that limitation began to run when the plaintiff had notice of, or by the use of reasonable diligence would have known of, the conversion. Underwood v. Coolgrove, 59 Texas, 168. Under the application of either rule, Garland's cause of action, if any he had, against appellant was barred by limitation. The terms of his agreement with Gilmore and Thomas required that they should return the note to him unless the policy of insurance on his life should be issued by appellant and delivered to him. The issuance of the policy depended upon his passing an examination satisfactory to the company's physician. He failed to pass such an examination, and upon the advice of the physician made no application for the policy of insurance; this occurred in November, 1895. Garland then knew that the note should be returned to him. His plea making the insurance company a party and seeking judgment over against it was not filed until August 1, 1898, more than two years and nine months after his cause of action accrued. No fraud, concealment, or misrepresentations are relied upon in replication to said plea, and the record is silent as to when Garland first knew that Gilmore and Thomas had sold the note to the bank. Without deciding what would have been a reasonable time within which Garland should have learned of the conversion, under the circumstances of this case we are of the opinion that more than two years intervened after such time before he filed his plea.

The court below held that the statutes of limitation of two years did not apply. We are cited to no authority which sustains this ruling. The statutes (Revised Statutes, article 3354) expressly provide "that two

years shall bar actions for detaining the personal property of another, and for converting such personal property to one's own use."

Other questions have been raised by appellant, which have an important bearing on the case, but we deem it unnecessary to discuss, or decide them, as under our construction of the law, Garland's cause of action against the appellant was barred by the statutes of limitation of two years. The court below erred in not sustaining the plea of limitation, for which the cause must be reversed.

The judgment of the lower court in favor of Garland v. the Mutual Life Insurance Company of New York is reversed, and judgment is here rendered in favor of the appellant.

*Reversed and rendered.*