ADAMS v. SAN ANTONIO LIFE INS. CO.*
(No. 7459.)

(Court of Civil Appeals of Texas. Dallas. March 18, 1916. Rehearing Denied April 29, 1916.)

1. JUDGMENT ⬤⟿585(3) — RES JUDICATA — IDENTITY OF CAUSES.

Judgment in action on note by assignee against the maker, who gave it for an insurance premium, to which purpose it was never applied, having been converted by the insurance agent, *held* not a bar to an action by the maker's assignee against the insurer to recover the amount of such note; the causes not being identical.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1062–1064, 1067, 1073, 1094; Dec. Dig. ⬤⟿585(3).]

2. APPEAL AND ERROR ⬤⟿743(1)—SCOPE OF REVIEW—RECORD—INACCURACIES.

That an assignment of error erroneously refers to the bills of exception by incorrect numbers does not preclude consideration of it, where the court's action fully appears of record, so that no bill of exceptions was necessary; the error being clerical only.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2999; Dec. Dig. ⬤⟿743(1).]

3. TROVER AND CONVERSION ⬤⟿28 — LIMITATIONS.

An action for the recovery of money paid by plaintiff's assignor to the transferee of a note given by the assignor to defendant and wrongfully appropriated by him, is for detention and conversion of personalty and barred in two years under Vernon's Sayles' Ann. Civ. St. 1914, art. 5687.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 186–188; Dec. Dig. ⬤⟿28.]

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Application for writ of error pending in Supreme Court.

4. **LIMITATION OF ACTIONS ⚭43—COMPUTATION OF TIME.**

As a general rule, the statute of limitations begins to run from the time the right of action accrues.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 217–219; Dec. Dig. ⚭ 43.]

5. **TROVER AND CONVERSION ⚭10—CONVERSION OF NOTE.**

Where an insurance agent took the applicant's note for a premium, and, when the insurer declined the risk, refused to return the note, and negotiated it, his acts were a conversion, giving the applicant a right of action.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 84–94; Dec. Dig. ⚭ 10.]

6. **LIMITATION OF ACTIONS ⚭55(5)—COMPUTATION OF TIME—ACCRUAL OF CAUSE.**

When a life insurance agent, on refusal of the insurer to accept a risk, refused to return the applicant's premium note, and negotiated it, the right of action arose, and the statute of limitations began to run, barring action for the conversion after two years.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 303; Dec. Dig. ⚭55(5).]

7. **LIMITATION OF ACTIONS ⚭100(1) — CONVERSION—COMPUTATION OF TIME.**

The statute of limitations governing actions of conversion begins to run from the time when the owner of the property has notice or by reasonable diligence would know of the conversion.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 480, 493; Dec. Dig. ⚭ 100(1).]

8. **LIMITATION OF ACTIONS ⚭100(13)—COMPUTATION OF TIME—NOTICE OF RIGHT OF ACTION—EVIDENCE.**

Where an insurance agent, when the company declined the risk, refused to return the applicant's note, but negotiated it and appropriated the money, the refusal of the agent to return the note after notice to the applicant that his application was declined was sufficient notice of the conversion as to start the running of the statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 492; Dec. Dig. ⚭ 100(13).]

9. **LIMITATION OF ACTIONS ⚭174(1)—RIGHTS OF PARTIES—ASSIGNEE.**

The assignee of one holding a right of action for conversion occupies no better position than the assignor, and is subject to the same rule as to limitation of his action.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 659, 661; Dec. Dig. ⚭ 174(1).]

10. **LIMITATION OF ACTIONS ⚭197(2)—CONVERSION—NOTICE OF RIGHT OF ACTION—DILIGENCE—EVIDENCE.**

Evidence *held* to show that the holder of a right of action for conversion exercised no diligence in the premises, so that his action was barred within the statutory period from the time of the conversion.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 724; Dec. Dig. ⚭ 197(2).]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by the San Antonio Life Insurance Company against L. T. Adams and another. Judgment against defendant Adams and for defendant Southland Life Insurance Company and order overruling motion for new trial, and Adams appeals. Reversed, and judgment rendered for defendant.

Fitzgerald & Cox, of Wichita Falls, and M. M. Plowman, of Dallas, for appellant. John F. Onion, of Dallas, for appellee.

TALBOT, J. The Southland Life Insurance Company was a corporation organized under the laws of the state of Texas, doing a life insurance business in said state, with its principal office in the city of Dallas, Dallas county, Tex. The appellee, San Antonio Life Insurance Company, was a corporation doing a life insurance business in said state, with its principal office in the city of San Antonio, Bexar county, Tex., and the appellant, L. T. Adams, was a resident citizen of Jacksboro, Jack county, Tex. In October, 1910, L. T. Adams was the agent of the San Antonio Life Insurance Company, and during that month Roland J. Johnson of Young county, Tex., made application to said Adams for a life insurance policy on his life to be issued by that company. Later the policy thus applied for was issued and delivered to the said Johnson by the San Antonio Life Insurance Company by and through its said agent, L. T. Adams. Adams took Johnson's note in the sum of $1,160.20, evidencing the amount of the first premium agreed to be paid by Johnson for the insurance. This note is dated November 23, 1910, and is made payable to the order of the said L. T. Adams on or before the 15th day of January, 1911. On the 19th day of January, 1911, L. T. Adams, having ceased to be the agent of the San Antonio Life Insurance Company, represented to Roland J. Johnson that he was then agent for the Southland Life Insurance Company and desired to change the said Johnson's policy for one in the Southland Life Insurance Company. Adams said:

"I will take up the San Antonio policy and send it in for cancellation and get you [Johnson] one in the Southland."

Johnson then gave Adams the insurance policy which had been issued to him by the San Antonio Life Insurance Company, and also at the instance of Adams gave him an application for a similar policy to be issued by the Southland Life Insurance Company. For the policy to be issued by the Southland Life Insurance Company on the application just mentioned Johnson executed and delivered to the said Adams at the date of said application his promissory note in the sum of $1,160.20, and Adams returned to Johnson the note which Johnson had given for the policy issued by the San Antonio Life Insurance Company. The note given by Johnson to Adams for the policy to be issued to him by the Southland Life Insurance Company was dated January 19, 1911, and payable to the order of the said Adams on or before the 1st day of October, 1911. When Johnson delivered to L. T. Adams the policy issued

to him by the San Antonio Life Insurance Company Adams sent it to that company for cancellation, but cancellation was refused and the policy returned to Johnson about the 23d day of January, 1911. The Southland Life Insurance Company denied Johnson's application given to Adams for a policy of insurance in that company and refused to issue to him such a policy. When the Southland Life Insurance Company refused to issue Johnson the policy applied for in that company, it wrote him a letter to that effect, and advised him that if he had paid the agent anything to recall it at once. Johnson mailed this letter to Adams and requested him to return the note given for the policy of insurance which he expected would be issued to him by the Southland Life Insurance Company. Johnson says the exact date when this letter was received by him and forwarded to Adams he does not remember. Adams says he received the letter of Johnson demanding a return of the note about March 15, 1911. Adams did not return the note to Johnson, and did not reply in any manner to the demand for its return. He had, prior to such demand, and about 30 days after receiving the note from Johnson, sold and transferred the note to the First National Bank of Jacksboro, Jack county, Tex. Some time during the latter part of September, or about the 1st of October, 1911, Johnson received notice from the First National Bank of Jacksboro that it held the note; that it would be due on the first day of October, 1911, and must be paid. This was the first actual notice Johnson had received that Adams had sold and assigned the note. He testified that from the 19th day of January, 1911, until about the 1st day of October, 1911, he did not know where the note he had given for the policy to be issued by the Southland Life Insurance Company was. Except the demand made upon Adams in March, 1911, to return him the note, Johnson made no effort, so far as the record discloses, to find out where the note was or to obtain its possession. About December 19, 1911, Johnson, upon demand of the First National Bank of Jacksboro, paid to that bank the note of $1,160.20 given by him to Adams for the policy which Adams promised and agreed should be issued by the Southland Life Insurance Company, and neither Adams nor the Southland Life Insurance Company has ever repaid Johnson or the appellee herein the amount of said note. After the San Antonio Life Insurance Company refused to cancel the policy delivered by it to Roland J. Johnson and returned said policy to the said Johnson, he (Johnson) retained the same, and thereafter, on June 21, 1913, acknowledged that he owed to that company, as the first annual premium for the policy so returned, the sum of $1,160.20, and in consideration of $10 paid and the further consideration of a receipt for the amount of said first annual premium, sold and transferred, by an instrument in writing, to the San Antonio Life Insurance Company, all his right, title, and interest in and to the said sum of $1,160.20 paid by Johnson on the note given by him to Adams for the insurance policy which Adams agreed the Southland Life Insurance Company would issue and the claim he had against Adams by reason of Adams' sale and conversion of said note, and expressly conferred upon said San Antonio Life Insurance Company the right to collect said claim or to sue upon it. Johnson testified that, when Adams made the statement to him that he (Adams) would have the policy in the San Antonio Life Insurance Company canceled, he believed him, that said statement induced him to change the policy, and that he would not have given Adams a new note if he had not made that statement. Having thus acquired the said claim of Roland J. Johnson against the appellant, Adams, the San Antonio Life Insurance Company instituted this suit upon it and made the Southland Life Insurance Company a party to the suit.

The Southland Life Insurance Company answered by a general demurrer, a general denial, and by special answer alleged that, if there was any liability on its part, it was secondary only, that the appellant, L. T. Adams, was solely liable, and prayed that, if any judgment should be rendered against it, it have judgment for a like amount over and against the said L. T. Adams, and for such other relief as it was entitled to. Appellant, Adams, answered by demurrers, pleas of res adjudicata and of limitation of two years, and by a special answer denying the allegations of appellee's petition. The plea of res adjudicata is, in substance, that at the March term of the district court in and for Jack county, Tex., A. D. 1913, in a certain suit therein pending, numbered on the docket of said court 1742, wherein the San Antonio Life Insurance Company was plaintiff, and this appellant, L. T. Adams, was defendant, the same cause of action was pleaded in that suit, and set out in plaintiff's petition in this suit, together with other transactions therein sued on, as is fully shown by plaintiff's original petition filed therein, a certified copy of which is thereto attached and marked "Exhibit A," and made a part thereof. The plea of limitation is as follows:

"Defendant, further answering herein, shows to the court that said cause of action, as set out in plaintiff's amended original petition, is barred by the statute of limitation of two years, for the reason that said plaintiff alleges and it is so shown that prior to the alleged transfer and assignment of said claim by said Roland J. Johnson to the said San Antonio Life Insurance Company the said Roland J. Johnson made and demanded a return to him of the note given by the said Roland J. Johnson in payment of the premium for a policy to be issued by the Southland Life Insurance Company; that said demand was made at said time, and limitation against the alleged claim of the said Roland J. Johnson began to run from said time; that suit

thereon on said claim was not brought by said Roland J. Johnson or this plaintiff until the 14th day of August, A. D. 1913. And in the alternative said L. T. Adams further pleads that, if said cause of action did not accrue and limitations did not begin to run at date of demand, said limitations against said claim began to run from the date of the transfer of said note by said L. T. Adams to the First National Bank of Jacksboro, Tex. Wherefore defendant L. T. Adams prays that said claim be declared barred by the statute of limitations of two years, because more than two years have elapsed since plaintiff's cause of action accrued and the filing of this suit, and that he be dismissed with his cost, and such other and further relief both general and special."

Other portions of the answer need not be stated. By supplemental petition the San Antonio Life Insurance Company demurred to that portion of the appellant's answer pleading res adjudicata in bar of its action upon the ground, in substance, that said plea showed upon its face that the suit in the district court of Jack county, Tex., in 1913 did not include the cause of action sued on in this suit, and this demurrer was by the court sustained. The court, after hearing the evidence of appellant and appellee, a jury being waived, rendered judgment in favor of appellee, the San Antonio Life Insurance Company, against appellant, L. T. Adams, in the sum of $1,160.20, with interest from December 1, 1914, at the rate of 6 per cent. per annum, together with costs, and further adjudged that the San Antonio Life Insurance Company take nothing by its suit against defendant the Southland Life Insurance Company. Motion for new trial by Adams being overruled, he appeals.

[1] The first assignment of error is that:

"The court erred in sustaining the exceptions of the plaintiff, San Antonio Life Insurance Company, to the defendants' plea of res adjudicata, and in holding that said plea shows upon its face that the suit at Jacksboro, Tex., therein pleaded was an entirely different transaction from the one set up in case at bar, as shown in defendant Adams' motion for new trial, paragraph 1, and bill of exception No. 1."

We conclude there was no error in this ruling of the court. The petition filed in the suit brought in Jack county, was, as is alleged in appellant's plea of res adjudicata, made a part of said plea, and shows, we think, as held by the trial court, that the cause of action declared on in that suit was entirely different from the one herein sued on.

[2] The controlling question is presented by appellant's fifth assignment of error. This assignment is to the effect that the court erred in overruling the appellee's motion filed in the district court for judgment in his favor, for the reason that appellant's cause of action was barred by the statute of limitation of two years prior to the institution of this suit. Appellee objects to a consideration of this assignment on the ground that it refers to bill of exception No. 3 in support thereof; whereas bill of exception No. 4 contained in the record was the bill re-

served to the court's action here complained of, and bill of exception No. 3 relates to an entirely different ruling. The objection is not well taken. The action of the court complained of appears otherwise of record, and no bill of exceptions was necessary to reserve an exception thereto and have the ruling reviewed by this court. But we think it would be highly technical to refuse to consider the assignment of error for the reason urged, even if it was necessary, in order to have the court's ruling revised and corrected, that it be presented by a proper bill of exceptions. The record and appellant's brief show that such a bill was reserved in this instance, and we think it manifest that the reference to it in the assignment as No. 3 instead of No. 4 is a mere clerical error, which should not deprive appellant of a consideration of his assignment.

[3, 4] The question then is: Should the trial court have sustained appellant's motion for judgment in his favor on the ground that it appeared from the evidence that appellee's cause of action was barred by the statute of limitation? We think the question should receive an affirmative answer. The case was tried on an amended petition filed December 1, 1911, and this petition does not show when the original petition was filed, nor does the date of its filing appear from any evidence adduced on the trial, but appellant in the seventh paragraph of his amended answer filed herein on December 1, 1914, wherein he pleads the statute of limitation in bar of a recovery, refers to the suit as having been brought August 14, 1913, and through his counsel states in his brief that the original petition was filed on that date. We shall therefore regard the suit as having been instituted on the 14th day of August, 1913. The suit is one for the detention and conversion of personal property, and the period of limitation in such a case, as fixed by our statute, is two years. Vernon's Sayles' Texas Statutes, art. 5687; Mutual Life Insurance Co. v. Garland, 23 Tex. Civ. App. 380, 56 S. W. 551. The general rule is that the statute of limitation begins to run from the time the right of action accrues.

[5, 6] Under the facts of this case Roland J. Johnson was entitled to a return of the note in question upon the refusal of the Southland Life Insurance Company to issue to him the insurance policy which Adams had agreed that company would execute and deliver to him, and the refusal of Adams to return the note upon the demand of Johnson constituted such a detention and conversion of the same as gave Johnson a right of action against him for such conversion. This is especially true, since there was, so far as the record discloses, no concealment of the sale and conversion of the note by Adams, and the same had been actually sold and converted by him at the time of the demand, and refusal of its return to Johnson and

# 614

185 SOUTHWESTERN REPORTER

(Tex.

Johnson's liability for its payment to the bank fixed. So instantly upon the refusal of Adams to return the note when demand was made therefor Johnson's right of action for its detention and conversion accrued. The demand of Johnson and refusal of Adams to return the note occurred not later than the 15th day of March, 1911, and, more than two years having elapsed from the date of such refusal and the institution of this suit, and appellee occupying the same position that Johnson would have occupied with respect to appellant's plea of limitation were he suing, the cause of action declared on was barred by the statute of limitation, and the trial court should have so held.

[7, 8] If, however, limitation did not begin to run from the time Adams refused to return the note to Johnson, then, as appellant, Adams, had wrongfully sold and converted said note some time in February, 1911, limitation began to run when Johnson had notice of, or by the use of reasonable diligence would have known of, such conversion. Underwood v. Coolgrove, 59 Tex. 164; Mutual Life Ins. Co. v. Garland, supra. According to the testimony of Johnson, he had no actual notice or knowledge of the sale and conversion of the note in question by Adams until about the 1st of October, 1911, but it is manifest that both he and Adams, in the transaction resulting in its execution and delivery, contemplated and understood that, if the policy of insurance was not issued by the Southland Life Insurance Company upon the application made therefor by the said Johnson, said note was to be of no effect and returned, and, under the rule announced above, the duty rested upon Johnson to exercise reasonable diligence upon the receipt of notice that said insurance company had declined to issue the policy to discover the conversion of the note by Adams. Such notice must have been received by him not later than the 15th day of March, 1911, and probably sooner. He testified:

"I sent the letter declining the application to Mr. Adams. I don't remember the date, but it must have been two or three months after I got the letter from the Southland Life Insurance Company stating that I was rejected, and if I had paid the agent anything to recall it at once."

In another place in his testimony he said:

"I don't remember the exact date that the Southland Life Insurance Company wrote me a letter notifying me that I had been rejected, but when I got the letter I sent it on to Mr. Adams. It was some little time after the 19th day of January, 1911, but I don't know for sure just when it was."

On cross-examination he said:

"I don't remember just when it was that Dr. Turner was there. I didn't keep any date of it. It must have been something like a month after I received my application back from the Southland Life. * * * It was after Dr. Turner's visit that I received the letter from the Southland Life Insurance Company. It gave no reason for turning me down; just said: 'You are hereby notified that you have been rejected, and if you have paid the agent anything to recall it at once.'"

The appellant, L. T. Adams, testified in this connection that he received the letter from Mr. Johnson demanding a return of his note about the 15th of March, 1911. The evidence is undisputed that Adams made no reply to Johnson's demand for the return of the note and failed or refused to return it, and there is absolutely no evidence that he made any further demand for a return of the note, or exercised any diligence whatever to ascertain whether it was still held by Adams or had been sold and transferred to some third party. In other words, the record is barren of any evidence showing or tending to show that Johnson used any diligence whatever to discover the conversion of the note by Adams. In this state of the evidence the plea of limitation interposed by the appellant should have prevailed.

[9] The appellee, to whom Johnson's claim was transferred, occupies no better position with respect to that plea than Johnson would were he suing, and the fact that suit was brought before two years had expired after Johnson actually discovered the conversion of the note will not suffice to defeat the bar of limitation. There is no evidence that Adams concealed the sale of the note to the bank, or that the exercise of reasonable diligence on the part of Johnson would not have led to a discovery of such sale and the conversion of the note by reason thereof.

[10] Certainly the undisputed facts that the appellee, San Antonio Life Insurance Company, refused to cancel the policy issued to Johnson by that company, of which Johnson had notice about the 23d day of January, 1911, the rejection of his application by the Southland Life Insurance Company, of which he was informed not later than March 15, 1911, and the failure of appellant Adams to return the note upon Johnson's demand or to in any manner reply to such demand, were sufficient to put Johnson upon inquiry and call for the use of reasonable diligence on his part to ascertain whether Adams was then the holder of the note or had by sale or otherwise converted it to his own use. Johnson not only failed to use such diligence to discover the conversion, but failed to use any whatever. He and Adams resided in adjoining counties, and the domicile of the bank to which Adams sold the note was in the county of Adams' residence. Johnson knew where Adams resided and the location of said bank, and from all the facts and circumstances in the case it clearly appears that, had Johnson exercised the diligence required of him by law, he would have discovered the conversion of the note in question by Adams within a reasonable time, and more than two years before the institution of this suit. Adams says he would not have refused to inform Johnson of his disposition of the note had he demanded to know of its disposition, and so it is evident that by simply asking Adams,

who was within easy reach, about the matter, he would have ascertained that the note had been sold before its maturity and thereby converted by Adams. Johnson failed to make any such inquiry or to otherwise learn what had been done with the note. The rule being, as we have hereinbefore stated in effect, that limitation began to run when Roland J. Johnson had notice of or might by the use of reasonable diligence have discovered the conversion of the note by Adams, and two years having elapsed between the date when such conversion might have been so discovered and the filing of this suit, appellant's cause of action was barred by the statute of limitation, and the trial court should have so held and entered judgment in favor of appellant.

The other assignments need not be considered. What we have said effectually disposes of the case. The case seems to have been fully developed, and we shall render in this court such judgment as we think should have been rendered in the court below. It is therefore ordered that the judgment of the district court be reversed, and that judgment be here rendered for appellant.

Reversed and rendered.