**C. G. JOHNSON, Appellant,**

v.

**LAS MENDOZAS, INC., Appellee.**

No. 24351.

United States Court of Appeals
Fifth Circuit.

Dec. 20, 1967.

Rehearing Denied Jan. 25, 1968.

George A. Crowley, Brown, Day & Crowley, Fort Worth, Tex., for appellant.

Sam Houston Clinton, Jr., Austin, Tex., for appellee.

Before BROWN, Chief Judge, and BELL and THORNBERRY, Circuit Judges.

PER CURIAM:

This diversity case involves a complicated real estate transaction, the ele-

ments of which were explained by this Court in an earlier decision. See Las Mendozas, Inc. v. Powell, 5th Cir. 1966, 368 F.2d 445. The particular contractual arrangement before us provided that Las Mendozas would transfer to appellant the common stock of two corporations in exchange for the common stock of the Fairview Apartments in Oklahoma, ten lots in Keller, Texas, and 1,042 acres of land in Missouri. Las Mendozas performed its side of the bargain, but appellant never gave the company a deed to the lots in Keller, Texas or to the land in Missouri. In fact, he sold the Missouri property to a third party on December 4, 1962. In a suit for specific performance and for damages, the court below decreed specific performance as to the lots in Keller, Texas and ordered payment of $26,083.15 for the Missouri land.

Appellant challenges the award of damages on the ground that appellee's claim is barred by laches and on the further ground that appellee breached a material provision of the contract and therefore is not entitled to full performance. We find no basis for the assertion of laches: This suit was filed within one year from the time appellant's conveyance to a third party finally foreclosed the company's efforts to acquire the Missouri land. The assertion that appellee's claim for damages is barred by its own conduct is likewise without merit. While Las Mendozas did refuse to make certain mortgage payments, its agreement to make the payments was obviously conditioned on receipt of title to the property. A purchaser's right to demand a deed is not affected by the fact that at the time of making the demand he is in default as to a subsequent payment. Kuykendall v. Schell, 224 S.W. 298 (Tex.Civ.App.—Galveston 1920, writ dism.); see 58 Tex.Jr.2d Vendor and Purchaser § 237, at 454.

Having found appellant's remaining contentions to be without merit, we accordingly

Affirm.